## (February 26, 1970)

■ MEYER PERLESS, Appellant, v. MAE PERLESS, Respondent.— Order entered October 1, 1969, herein appealed from, unanimously modified on the law and the facts, by deleting the provision for payment of counsel fee, and

reducing the provision for temporary alimony and support to the sum of $50 per week. As so modified, the order appealed from is otherwise affirmed, without costs and without disbursements to either party. The parties married March 16, 1969, and separated some three months thereafter. Plaintiff husband, in addition to a direction to pay the sum of $175 per week temporary alimony, was directed also to pay the rent for the apartment, of which the wife was given exclusive possession, together with utilities, etc. We have previously pointed out that "We deem it unwise to order a husband in general terms to pay future expenses which are normally incurred with his consent and which after entry of an order in a matrimonial case may be radically increased by the wife or with her approval, above amounts apparently contemplated by the wife and the court when ordered" (*Schine v. Schine*, 28 A D 2d 976, 977). We reaffirm that view, although we are not disturbing the provision for payment of rent in the case now before us. While a husband incurs certain obligations by reason of his status, alimony was never intended to serve as a career, but to meet demonstrated needs (*Katzman v. Katzman*, 28 A D 2d 1134). Here no reliable standard of living was adduced by adequate proof. In our opinion, on this record, the amount directed to be paid for temporary alimony and support was clearly excessive. It was an improvident exercise of discretion to award counsel fee which should await the trial of the action, at which time the trial court will be better prepared to assess the value of the services necessarily rendered and make an award therefor. Concur — Stevens, P. J., McGivern, Nunez, Tilzer and Macken, JJ.